

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2009

# USA v. Jose Perez-Cordero

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jose Perez-Cordero" (2009). *2009 Decisions*. Paper 942.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/942

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1809

UNITED STATES OF AMERICA

v.

JOSE PEREZ-CORDERO,
                                    Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 06-cr-00184-001)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2009

Before:  RENDELL, FUENTES and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: July 27, 2009 )

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

This appeal raises a single issue: whether a district court may reduce a defendant's

sentence under 18 U.S.C. § 3582(c)(2), the statutory provision allowing a court to reduce

a sentence which is "based on a sentencing range that has subsequently been lowered by

the Sentencing Commission," when that sentence is imposed pursuant to a binding plea agreement. The District Court concluded that enforcement of the stipulated sentence was mandatory; defendant Jose Perez-Cordero appealed.[1] We conclusively resolved the issue in *United States v. Sanchez*, holding, "If 'binding' is to have meaning, it cannot be undone by the discretionary possibility of a different sentence under § 3582(c)." 562 F.3d 275, 282 (3d Cir. 2009).

Here, Perez-Cordero stipulated to the sentence imposed in a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(c), the validity of which is undisputed.[2] Accordingly, we will AFFIRM the order of the District Court.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 1291.

[2] Perez-Cordero also contends that the District Court should have conducted a hearing on whether a sentence reduction was appropriate under § 3582(c)(2). Because a sentence reduction was not permissible here, Perez-Cordero suffered no prejudice from the District Court's refusal to hold a hearing.